SEATTLE BREWING & MALTING CO. v. UNITED STATES.

(Circuit Court, W. D. Washington, N. D. January 26, 1910.)

No. 1,490 (1,968).

On Application for Review of a Decision of the Board of United States General Appraisers.

The opinion filed by the Board of General Appraisers reads as follows:

WAITE, General Appraiser. This protest claims that certain rice, assessed for duty by the collector as cleaned rice, at 2 cents per pound, under Tariff Act July 24, 1897, c. 11, § 1, Schedule G, par. 232, 30 Stat. 169 (U. S. Comp. St. 1901, p. 1649), should be assessed at one-fourth of one cent per pound under the same paragraph as broken rice. The rate contended for applies only to such broken rice as "will pass through a sieve commercially known as No. 12 wire sieve."

It appears from the record that the importation consists of 1,689 bags of rice, 18¾ per cent. of which was assessed by the collector as broken rice under

said paragraph, while the remaining 81.25 per cent. was assessed as cleaned rice. The various allegations and contentions made by the protestants are not supported by any evidence introduced by them; but a careful test made by the Board of the official sample forwarded by the collector, which he concedes to be correctly representative of the merchandise, shows that 24 per cent. of it will pass through the standard No. 12 sieve in use in the appraiser's office at the port of New York. This sample, however, weighs something less than one pound, and is, in our judgment, inadequate to determine the proportion of broken rice in an importation of between 300,000 and 400,000 pounds, as this is. Furthermore, the importers have repudiated the official sample, contending in their protest that it was not taken from the importation in question. For the latter reason, and because of the inadequacy of the sample, the Board would hardly be justified in finding in favor of the importers that an additional 5¼ per cent. of the entire importation should be classified as broken rice. As the case stands, the findings of the customs officers as to the quantity of rice dutiable at the higher rate have not been successfully assailed.

In submitting their case importers' counsel asks consideration of testimony introduced in a previous case of the same protestants. Abstract 13,152 (T. D. 27,674). We have examined that record, and are unable to see that any conclusions to protestants' advantage can be drawn from it.

The protest is overruled, and the collector's decision affirmed.

Elmer E. Todd, U. S. Atty.

Comstock & Washburn (Albert H. Washburn, of counsel), for importers.


HANFORD, District Judge. The controversy in this case relates to an importation of 1,689 bags. of broken rice, on which duty was assessed and paid at the time of entry at the rate of one-fourth of a cent per pound. The lawful duty under paragraph 232 of the Dingley tariff law of 1897 on broken rice is one-fourth of a cent per pound on the portion thereof which will pass through a sieve known commercially as a No. 12 wire sieve, and 2 cents per pound on the portion thereof which will not pass through such a sieve. The collector of customs reliquidated the assessment of duty, and exacted payment at the rate of 2 cents per pound on 81¼ per cent. of the quantity of rice. The importer protested, and appealed to the Board of General Appraisers. By its decision the Board overruled the protest, holding that the appellant had failed to prove affirmatively that there was any error in the reliquidation.

Samples of the rice have been produced in evidence, and the uncontradicted evidence proves that upon a fair test of the sample $43^2/11$ per cent. passed through a No. 12 wire sieve made of No. 24 wire, which is the sieve recognized by the Treasury Department as the lawful sieve for testing the broken rice. On this evidence the court finds that the appellant is entitled to reclaim the excess above lawful duty paid on the excess above $43^2/11$ per cent. of the importation, and a judgment will be entered accordingly.